## Olney J. Dean & Company, Appellee, v. William Mavor Company, Appellant.

### Gen. No. 23,748.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago, the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 5, 1918.

### Statement of the Case.

Action by Olney J. Dean & Company, a corporation, plaintiff, against William Mavor Company, a corporation, defendant, to recover for work and material furnished by plaintiff as subcontractor to defendant as contractor on a certain building. From a judgment for plaintiff for $262.04, defendant appeals.

LUCIUS & LUCIUS, for appellant.

THOMPSON, CLARK & ROAT, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. PAYMENT, § 34*—*when receipt does not operate as complete settlement.* The acceptance by a building contractor without question of a subcontractor's receipt in settlement of a certain account, stating that the receipt did not cover certain items for extra material, constituted an acquiescence by the contractor in such statement that those items remained unsettled.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when material shown to be subcontractor's property.* Evidence *held* to show that certain steel rods which were worked into a building by plaintiff as subcontractor were plaintiff's property, notwithstanding some of them were on the premises at the time defendant ordered them, in an action to recover their value.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. INTEREST, § 24*—*what is vexatious withholding of payment.* The withholding by a contractor of payment of a subcontractor's claim was vexatious where no reason appeared for disputing the claim.

4. INTEREST, § 8*—*when recoverable.* Interest is recoverable upon a claim sued for, for money due under a contract in writing, under section 2, ch. 74, Rev. St. (J. & A. ¶ 6691).